JERZY TYSZKOWSKI, et al.,

        Plaintiffs,

    v.

JOHNSON & JOHNSON, et al.,

        Defendants.

No. 15 CV 8339

Judge Manish S. Shah

## ORDER

Defendants' motion to dismiss [6] is denied. The statute of limitations may be a viable defense to plaintiffs' claims, but additional factual development is necessary for defendants to establish that there was reason to believe that Jerzy Tyszkowski's injuries were wrongfully caused prior to January 18, 2011. A status hearing is set for 2/1/16 at 9:30 a.m.

## STATEMENT

Plaintiffs' complaint alleges that Jerzy Tyszkowski took Levaquin—a drug manufactured and distributed by defendants—for five days in October 2010. [2-1] at 10 ¶¶ 3–4, 6. The complaint also says that after ingesting the drug, from October 18, 2011, and through January 28, 2011, Tyszkowski developed serious ailments and injuries, but did not know the cause of these injuries. *Id*. at 11 ¶ 10. On January 28, 2011, after a visit with his doctor, Tyszkowski alleges that he learned his symptoms were causally related to Levaquin. *Id*. at 11–12 ¶ 11. Plaintiffs first filed suit against defendants for these injuries on January 18, 2013. Defendants move to dismiss the present complaint (filed after the first suit was voluntarily dismissed and now removed to federal court) on the grounds that it is untimely.

The parties agree on the general principles applicable here. Illinois law applies in this diversity case, and the limitations period for plaintiffs' personal injury and product liability claims is two years. 735 ILCS 5/13–202, 5/13–213(d). (In the present motion, the parties do not distinguish Jerzy Tyszkowski's claims from Monika Tyszkowski's loss of consortium claim.) Under Illinois law, and the "discovery rule" in particular, the claims did not accrue until a person reasonably should have known that Tyszkowski had been injured and that his injuries were wrongfully caused. *See Hollander v. Brown*, 457 F.3d 688, 692 (7th Cir. 2006); *see also Clay v. Kuhl*, 189

Ill.2d 603, 608 (2000). As soon as there was enough information about Tyszkowski's injuries and their cause "to put a reasonable person on inquiry to determine whether actionable conduct is involved," the statute of limitations started to run. *Knox Coll. v. Celotex Corp.*, 88 Ill.2d 407, 416 (1981). Even if plaintiffs did not know that a specific defendant (or drug) caused the injuries or that an actionable wrong was committed, the limitations period started when a reasonable person would have inquired about whether a cause of action existed. *Hoffman v. Orthopedic Sys., Inc.*, 327 Ill.App.3d 1004, 1011 (1st Dist. 2002).

The application of the discovery rule is usually a question of fact. *Knox*, 88 Ill.2d at 416. A complaint need not anticipate or overcome affirmative defenses like the statute of limitations; granting a motion to dismiss based on the untimeliness of the complaint would be appropriate only if the plaintiffs effectively pleaded themselves out of court by establishing the defense in the allegations of the complaint. *Hollander*, 457 F.3d at 691 n.1.

Plaintiffs say they was no sign that Tyszkowski's injuries were wrongfully caused until after his doctor's visit on January 28, 2011, so their January 18, 2013 complaint was timely. Defendants argue that the complaint alleges such serious, anomalous symptoms occurring between October 2010 and January 2011 that a reasonable person would have reason to inquire about a cause of action in the weeks following the onset of those symptoms. It is possible that the claims accrued before the January 28, 2011 doctor's visit (when plaintiffs say they learned the injuries were caused by Levaquin)—the discovery rule does not require a plaintiff to know the specifics of who or what caused the injury. For example, it may be that in December 2010, Tyszkowski's suffering was such that a reasonable person would have suspected that someone or something had wrongfully caused him harm. If so, the limitations period had expired when plaintiffs filed suit in January 2013.

However, I read plaintiffs' complaint to be sufficiently ambiguous such that the accrual date of the claims is not apparent from the face of the complaint (and ambiguity is permissible because plaintiffs are not required to address affirmative defenses in the complaint). And it would be inappropriate to draw an inference against plaintiffs at this stage of the case. The statute of limitations defense requires factual development and is not amenable to resolution on the pleadings. Without knowing more about when Tyszkowski's ailments (or other surrounding circumstances) became serious enough to warrant a reasonable person to suspect wrongful causation, I conclude that the complaint survives the motion to dismiss.

Defendants' motion to dismiss is denied.

ENTER:

Date:   1/22/16

Manish S. Shah
U.S. District Judge